United States District Court
Southern District of Texas

**ENTERED**

May 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Tyrone Harden Jr., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-3655 |
| | § | |
| Equifax Information Services LLC, | § | |
| Experian Information Solutions, Inc., | § | |
| and CCM Finance LLC, | § | |
| | § | |
| *Defendants*. | § | |

JUDGE PALERMO'S
**REPORT AND RECOMMENDATION**[1]

This is a vehicle-repossession case. Defendant Equifax Information Services LLC ("Equifax") moves to dismiss Plaintiff Tyrone Harden Jr.'s amended complaint. ECF No. 32.[2] After considering the parties' briefing and applicable law, the Court finds that Equifax's motion should be granted.

## I.    BACKGROUND

The allegations in Plaintiff's amended complaint are brief and a bit disjointed, but the basic premise seems straightforward. Plaintiff opened two accounts with CCM Finance LLC ("CCM")—one ending in x2169 and another ending in x2019—to purchase two vehicles. ECF No. 29 ¶ 10. At some point, it seems Plaintiff stopped

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 22.

[2] Plaintiff responded. ECF No. 33. Equifax replied. ECF No. 36. Plaintiff sur-replied. ECF No. 37.

paying his loans, so CCM "repossessed Plaintiff's vehicle[s] from [his] gated apartment complex at night without notice," taking the first car in February 2022 and the second one in September 2024. *Id.* ¶ 11. After repossessing the cars, Plaintiff claims "CCM reported materially inconsistent balances, duplicate tradelines, and contradictory statuses to Equifax and Experian." *Id.* ¶ 12. In response, he "filed multiple disputes" with "the Consumer Financial Protection Bureau ["CFPB"] . . . , but Defendants failed to correct the inaccurate reporting." *Id.* ¶ 13.

With respect to Equifax specifically, Plaintiff alleges that it "reported inconsistent and misleading information," such as listing his x2019 account as "Paid Repossession" with a "$0 balance" while also showing the account as "100% Pays as Agreed" with "no late payments." *Id.* ¶ 14 (internal quotation marks omitted). Equifax also apparently reported Plaintiff's last payment date as "August 1, 2024, despite Plaintiff's bank statement showing" he paid $1,434.05 "on August 4, 2024." *Id.* Plaintiff also claims that Equifax reported "[d]uplicate tradelines" for the x2169 account, along with "conflicting dates and years of 04/02/2020 and 05/02/2020." *Id.* He further asserts that Equifax failed to properly address the disputes he filed with the CFPB and "willfully or negligently failed to assure accuracy or reinvestigate, causing [him] credit denials, higher interest rates, and emotional distress." *Id.* ¶¶ 16–17.

In his amended complaint, Plaintiff asserts three claims against Equifax under

the Fair Credit Reporting Act ("FCRA"): the first under 15 U.S.C. § 1681e(b); the second under § 1681i; and the third under §§ 1681n and 1681o. *Id.* ¶¶ 14–17.

Equifax moves to dismiss under Rule 12(b)(6). ECF No. 32.

## II.   DISMISSAL STANDARD UNDER 12(B)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gaskin v. Univ. of Hous. Police Dep't*, No. CV H-25-1658, 2025 WL 3514356, at *3 (S.D. Tex. Dec. 8, 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020)).

In determining a motion to dismiss, "'[c]ourts accept 'all well-pleaded facts as true' and 'view them in the light most favorable to the plaintiff.'" *Id.* (original alteration adopted) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018)). At this stage, courts may only consider "(1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice." *Id.* (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

### III.   PLAINTIFF'S CLAIMS ARE NOT FACIALLY PLAUSIBLE.

**A. Plaintiff Fails to Assert Plausible Claims Against Equifax.**

Plaintiff asserts three separate FCRA claims against Equifax. Each fails.

### i.   *Plaintiff fails to state a claim under 15 U.S.C. § 1681e(b).*

Plaintiff fails to state a claim under 15 U.S.C. § 1681e(b). "Congress enacted the FCRA to ensure fair and accurate credit reporting that protects consumers while meeting the needs of commerce." *Schultz v. HomeBridge Fin. Servs., Inc.*, No. 24-50193, 2025 WL 1467431, at *2 (5th Cir. May 22, 2025) (quoting *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 567 (5th Cir. 2020)). "'FCRA allows a plaintiff injured by a negligent reporting violation to . . . recover . . . actual damages,' and actual, statutory, and punitive damages for a willful violation." *Id.* (ellipses in original) (quoting *Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 317 (5th Cir. 2012)).

 "Section 1681e(b) provides that a consumer reporting agency must use 'reasonable procedures to assure maximum possible accuracy' when preparing a consumer report." *Harris v. Experian Info. Sols., Inc.*, No. 9:25-CV-00258-MJT-CLS, 2026 WL 1067386, at *2 (E.D. Tex. Mar. 26, 2026) (quoting *Sepuvaldo v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)), *adopted*, No. 9:25-CV-00258-MJT-CLS, 2026 WL 1050542 (E.D. Tex. Apr. 16, 2026). A "consumer report" is any "written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit

standing, credit capacity, character, general reputation, [or] personal characteristics . . . which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance . . . [or] employment purposes." 15 U.S.C. § 1681a(d)(1)(A)–(B). To state a claim under § 1681e(b), a consumer must allege sufficient facts to show that (1) the credit reporting agency "prepared a consumer report about [him] that contained inaccurate information; (2) the inaccuracy was due to [the reporting agency's] failure to follow reasonable procedures to assure maximum possible accuracy; (3) [the consumer] suffered a cognizable injury; and (4) [his] injury was caused by the . . . inaccurate entry." *James v. Go For Rent of Tex., Inc.,* No. 1:25-CV-00738-DAE, 2026 WL 963494, at *3 (W.D. Tex. Apr. 2, 2026), *adopted*, No. 1:25-CV-738-DAE, 2026 WL 1149329 (W.D. Tex. Apr. 28, 2026).

Here, Plaintiff's claim stumbles at every step. First, Plaintiff never actually alleges that Equifax prepared a credit report. At most, he claims Equifax reported a few inaccuracies in his credit *file*—such as minor discrepancies in dates and tradeline descriptions, ECF No. 29 ¶ 14—but he does not assert that Equifax prepared a credit *report* and furnished it to a third party "for the purpose of serving as a factor in establishing" his "eligibility for credit or insurance . . . [or] employment." 15 U.S.C. § 1681a(d)(1)(A)–(B). "By its plain text, [§ 1681e(b)] applies only to consumer reporting agencies preparing a *consumer report*." *James*, 2026 WL 963494, at *2

(emphasis added); *Walters v. Tenant Background Search*, 849 F. App'x 476, 478 (5th Cir. 2021) (explaining that 15 U.S.C. § 1681e(b) "applies only to a consumer reporting agency that prepares a *consumer report*" (emphasis added)). Since Plaintiff does not allege that Equifax prepared a credit report, his § 1681e(b) claim fails.

Second, Plaintiff fails to allege that Equifax reported anything inaccurate. "A credit entry may be inaccurate within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Williams v. Raptor Techs., LLC*, No. 4:23-CV-4234, 2025 WL 1582747, at *2 (S.D. Tex. June 4, 2025) (internal quotation marks omitted) (quoting *Sepulvado*, 158 F.3d at 895). Here, Plaintiff alleges that Equifax reported a few minor inconsistencies in his credit file (not report). For example, Equifax reported his x2019 account as "Paid Repossession"—which Plaintiff concedes is accurate since he admits his vehicles were repossessed—while simultaneously showing the account as "100% Pays as Agreed" with "no late payments" and reflected his last payment as August 1, 2024, instead of August 4, 2024. ECF No. 29 ¶ 14 (internal quotation marks omitted). Equifax also allegedly reported "[d]uplicate tradelines" for Plaintiff's x2169 account, along with "conflicting dates and years of 04/02/2020 and 05/02/2020." *Id.* But most of these small discrepancies do not rise to the level of an "inaccuracy" under FCRA because being a few days off on some dates or labeling a credit entry

as "Pays as Agreed" would not mislead "in such a way and to such an extent" as to "be expected to adversely affect" Plaintiff's credit or a third party's credit decisions. *Williams*, 2025 WL 1582747, at *2 (quoting *Sepulvado*, 158 F.3d at 895). Perhaps the "duplicate tradelines" allegation could have rose to that level, but Plaintiff fails to allege sufficient facts to show how or why the tradelines are inaccurate. He does not identify which tradelines were duplicated, explain what they were supposed to represent, or describe when they were reported or their amounts. Without any supporting facts to buttress this lone, vague allegation, the Court cannot draw a reasonable inference that Equifax is liable for reporting duplicate tradelines.

Third, Plaintiff fails to allege that the inaccuracy was due to Equifax's failure to follow reasonable procedures. In conclusory fashion, he claims—albeit under a different count in the amended complaint—that Equifax "failed to assure accuracy." ECF No. 29 ¶ 17. But he does not allege the specific ways in which Equifax failed to assure accuracy—much less how Equifax's procedures were unreasonable. Plaintiff's threadbare, conclusory assertion is insufficient. *See Harris*, 2026 WL 1067386, at *2 (concluding bare assertion "that Equifax 'failed to maintain reasonable procedures to ensure maximum possible accuracy of Plaintiff's credit file'" was insufficient without "plead[ing] 'the specific way its procedures were not reasonable'" (cleaned up)).

Fourth, Plaintiff fails to allege a concrete injury. He seeks $2,000,000 against

Equifax for "denial of credit, increased interest rates, and emotional distress," as well as statutory and punitive damages. ECF No. 29 at 6–7. However, the amended complaint contains no factual allegations to support these damages. It does not identify any lines of credit that were denied, who denied them, why they were denied, when they were denied, or what Plaintiff intended to use them for. Nor does it clarify which of Plaintiff's interest rates increased or describe even the general contours of his emotional distress. Plaintiff's conclusory allegations are simply insufficient. *See Redmon v. Equifax Info. Servs., LLC*, No. 4:22-CV-2780, 2024 WL 1893598, at *3 (S.D. Tex. Apr. 30, 2024) (finding conclusory allegations of "expended costs and expenses in dealing with [Experian's supposed error], loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain and anguish and humiliation and embarrassment of credit denials" insufficient to state a claim under § 1681e(b)).

Fifth, Plaintiff fails to plead facts to show that any potential injury was caused by Equifax's supposed inaccuracies. Again, Plaintiff does not allege that Equifax ever actually prepared a credit report, much less furnished it to a third party. Without that, there are no allegations that—even when accepted as true—show Equifax caused Plaintiff's injuries.

At bottom, Plaintiff alleges no facts that permit the Court to reasonably infer that Equifax furnished an inaccurate credit report to a third party and failed to follow

reasonable procedures to assure maximum accuracy. Thus, Plaintiff's claim under 15 U.S.C. § 1681e(b) should be dismissed.

### ii.    *Plaintiff fails to state a claim under 15 U.S.C. § 1681i.*

Plaintiff fails to state a claim under 15 U.S.C. § 1681i. When a credit reporting agency "receiv[es] notice of a dispute from a consumer," it must "conduct a reasonable reinvestigation of the information in that consumer's file." *Barron v. Equifax Info. Servs., L.L.C.*, 802 F. App'x 161, 162 (5th Cir. 2020) (citing 15 U.S.C. § 1681i(a)(1)(A)). To state a claim under § 1681i, "a plaintiff must show that [1] he disputed the accuracy of information on his credit report, [2] the [credit reporting agency] did not reinvestigate the dispute as required, [3] the [credit reporting agency] was negligent, [4] the consumer was injured, and [5] the consumer's injury was caused by the [credit reporting agency's] 'failure to reinvestigate and record the current status of the disputed information or delete the item from the file.'" *Pitre v. Early Warning Servs., LLC*, No. 4:21-CV-0890, 2022 WL 22883458, at \*2 (S.D. Tex. Oct. 25, 2022) (quoting *Morris v. Trans Union LLC*, 420 F. Supp. 2d 733, 751 n.88 (S.D. Tex. 2006)). The consumer must also allege that the disputed information was inaccurate. *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 286 (5th Cir. 2025) (holding that "inaccuracy is a threshold requirement for § 1681i claims"); *Howard v. Equifax Info. Servs., LLC*, No. CV H-25-3902, 2026 WL 1130368, at \*2 (S.D. Tex. Apr. 27, 2026) (explaining that "plaintiff must prove that the credit file

contains an inaccuracy" to state a claim under § 1681i).

Here, as explained above, Plaintiff fails to allege Equifax reported anything inaccurate in his credit file. At best, there were some minor date discrepancies and inconsistent tradeline descriptors, but these do not qualify as inaccuracies under FCRA. *Williams*, 2025 WL 1582747, at \*2 ("A credit entry may be inaccurate within the meaning of the statute either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." (quoting *Sepulvado*, 158 F.3d at 895)). Moreover, Plaintiff does not allege enough facts to clearly outline his allegation that Equifax included "duplicate tradelines."

Beyond that fatal flaw, Plaintiff also fails to adequately allege that he notified Equifax directly or indirectly of his credit dispute. "[A] consumer must notify a [credit reporting agency] directly, or indirectly through a reseller," to trigger the obligations under § 1681i. *Bishop Glob. Fam. Tr. v. Mackie Wolf Zientz & Mann P.C.*, No. 4:25-CV-00560, 2026 WL 549913, at \*5 (S.D. Tex. Feb. 26, 2026) (citing 15 U.S.C. § 1681i(a)(1)(A)). Here, Plaintiff does not allege that he filed disputed directly with Equifax. Instead, he "filed multiple disputes" with the CFPB. ECF No. 29 ¶¶ 13, 15; *see also* ECF No. 33 at 3. But the CFPB is not a reseller. In other words, Plaintiff did not trigger Equifax's obligations under § 1681i because he did not notify Equifax directly or indirectly through a reseller. *See Waller v. Experian*

*Info. Sols., Inc.*, No. CV GLR-23-1960, 2024 WL 3555344, at *5 (D. Md. July 24, 2024) (concluding that Experian did not violate § 1681i because the plaintiff "disputed the inaccuracy through the CFPB and did not 'notify Experian directly, or indirectly through a reseller" (cleaned up)); *Davidson v. Equifax Info. Servs. LLC*, No. 4:24-CV-1172-P, 2025 WL 2632407, at *6 n.8 (N.D. Tex. Aug. 14, 2025) (noting "that it is questionable whether Section 1681i(a) even applies . . . as [the plaintiff] sent the request through the CFPB and did not notify Equifax, directly or indirectly . . . , as required by this Section"), *adopted*, No. 4:24-CV-01172-P, 2025 WL 2490854 (N.D. Tex. Aug. 29, 2025).

Accordingly, Plaintiff's § 1681i claim should be dismissed.

### iii.　*Plaintiff fails to state claims under §§ 1681n and 1681o.*

Plaintiff fails to state claims under §§ 1681n and 1681o. Under § 1681n, a plaintiff may "recover actual *and* punitive damages" if he can prove the defendant violated FCRA willfully. *Williams v. Pentagon Fed. Credit Union*, No. 3:23-CV-00386, 2025 WL 1837517, at *2 (S.D. Tex. July 3, 2025) (emphasis in original), *adopted*, No. 3:23-CV-386, 2025 WL 1994777 (S.D. Tex. July 17, 2025); 15 U.S.C. § 1681n(a). If a plaintiff can only prove negligence, he is "limited to recovering only actual damages." *Williams*, 2025 WL 1837517, at *2; 15 U.S.C. § 1681o(a). But "[t]hese sections merely dictate the type of damages awarded depending on whether the violation was willful or negligent." *Perry v. Lockhart, Morris & Montgomery,*

*Inc.*, No. 3:24-CV-00021, 2024 WL 1840484, at *4 (S.D. Tex. Apr. 26, 2024), *adopted*, No. 3:24-CV-21, 2024 WL 2193404 (S.D. Tex. May 15, 2024); *Cameron v. Greater New Orleans Fed. Credit Union*, 713 F. App'x 238, 240 (5th Cir. 2018). "Neither section provides an independent source of liability—both require a showing that a person failed 'to comply with any requirement imposed under the FCRA.'" *Perry*, 2024 WL 1840484, at *4 (alteration adopted) (quoting 15 U.S.C. §§ 1681n(a), 1681o(a)). Because Plaintiff has not sufficiently alleged that Equifax violated any FCRA requirement, "he is not entitled to damages under either of these provisions." *Id.*

Thus, Plaintiff's claims under §§ 1681n and 1681o should be dismissed.

## IV.  CONCLUSION

Plaintiff fails to state plausible claims against Equifax upon which relief can be granted because he alleges no facts that "allow[] the [C]ourt to draw the reasonable inference that [Equifax] is liable for the misconduct alleged." *Gaskin*, 2025 WL 3514356, at *3 (quoting *Calogero*, 970 F.3d at 580).

Accordingly, the Court **RECOMMENDS** Equifax's motion to dismiss, ECF No. 32, be **GRANTED** and Plaintiff's claims against Equifax be **DISMISSED WITH PREJUDICE**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R.**

CIV. P. 72(b). **Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

    **IT IS SO ORDERED.**

    Signed at Houston, Texas, on May 11, 2026.

 

                        **Dena Hanovice Palermo**
                        **United States Magistrate Judge**