United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Tyrone Harden Jr., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-3655 |
| | § | |
| Equifax Information Services LLC, | § | |
| Experian Information Solutions, Inc., | § | |
| and CCM Finance LLC, | § | |
| | § | |
| *Defendants.* | § | |

**JUDGE PALERMO'S
REPORT AND RECOMMENDATION**

This is a vehicle-repossession case. Plaintiff Tyrone Harden Jr. moves to strike Defendant Experian Information Solution Inc.'s ("Experian") affirmative defenses. ECF No. 48.[1] After considering the parties' briefing[2] and applicable law, the Court finds that Plaintiff's motion should be denied.

## I.   BACKGROUND

The allegations in Plaintiff's amended complaint are brief and a bit disjointed,

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 22. "A motion to strike affirmative defenses is appropriate for a report and recommendation." *MSHB Rest., LLC v. Nepal Bus. Inv., LLC*, No. 4:24-CV-1973, 2025 WL 2461662, at *1 n.1 (S.D. Tex. Aug. 11, 2025), *adopted*, No. CV H-24-1973, 2025 WL 2461651 (S.D. Tex. Aug. 26, 2025); *see also Slatter v. Chesapeake Energy Corp.*, No. 1:20-CV-440-RP, 2021 WL 3598373, at *1 (W.D. Tex. July 18, 2021) (noting that magistrate judge issued report and recommendation on motion to strike affirmative defenses pursuant to 28 U.S.C. § 636(b)); *StarRotor Corp. v. Yasa Ltd.*, No. CV H-18-0453, 2019 WL 2524931, at *1 (S.D. Tex. Apr. 2, 2019) (recommending denial of motion to strike affirmative defenses).

[2] Experian responded. ECF No. 56.

but the basic premise seems straightforward. Plaintiff opened two accounts with CCM Finance LLC ("CCM")—one ending in x2169 and another ending in x2019—to purchase two vehicles. ECF No. 29 ¶ 10. At some point, it seems Plaintiff stopped paying his loans, so CCM "repossessed Plaintiff's vehicle[s] from [his] gated apartment complex at night without notice," taking the first car in February 2022 and the second one in September 2024. *Id.* ¶ 11. After repossessing the cars, Plaintiff claims "CCM reported materially inconsistent balances, duplicate tradelines, and contradictory statuses to Equifax and Experian." *Id.* ¶ 12. In response, he "filed multiple disputes" with "the Consumer Financial Protection Bureau ["CFPB"] . . . , but Defendants failed to correct the inaccurate reporting." *Id.* ¶ 13.

Plaintiff sued CCM, Experian, and Equifax on August 6, 2025. ECF No. 1. He subsequently filed an amended complaint, asserting three claims against Experian under the Fair Credit Reporting Act ("FCRA"): the first under 15 U.S.C. § 1681e(b); the second under § 1681i; and the third under §§ 1681n and 1681o. ECF No. 29 ¶¶ 18–24.

Experian filed an answer to Plaintiff's amended complaint and raised ten affirmative defenses: statute of limitations, failure to mitigate damages, laches, contributory or comparative negligence, estoppel, unclean hands, qualified immunity, improper request for injunctive relief, arbitration, and constitutional protections from punitive or exemplary damages. ECF No. 41 at 8–10. Plaintiff

moves to strike Experian's affirmative defenses. ECF No. 48.

## II.   STANDARD FOR STRIKING PLEADINGS

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Striking an affirmative defense is rare and warranted only when a defense cannot, as a matter of law, succeed under any circumstance." *MSHB Rest., LLC v. Nepal Bus. Inv., LLC*, No. 4:24-CV-1973, 2025 WL 2461662, at *3 (S.D. Tex. Aug. 11, 2025) (internal quotation marks omitted) (quoting *Njoku v. Harris Cnty. Hosp. Dist.*, No. 3:22-CV-00406, 2024 WL 23175, at *2 (S.D. Tex. Jan. 2, 2024)), *adopted*, No. CV H-24-1973, 2025 WL 2461651 (S.D. Tex. Aug. 26, 2025). In other words, "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (alteration in original) (quoting *Njoku*, 2024 WL 23175, at *2).

Importantly, "[a]ffirmative defenses are not subject to the heightened pleading requirements stated in" *Twombly* or *Iqbal*. *Youngers v. Scott & Assocs., P.C.*, No. 4:25-CV-2573, 2025 WL 3488668, at *2 (S.D. Tex. Oct. 24, 2025) (quoting *T.R.M. v. GlaxoSmithKline LLC*, No. 4:14-cv-452, 2015 WL 12551485, at *2 (S.D. Tex. Aug. 21, 2015)), *adopted*, No. 4:25-CV-2573, 2025 WL 3487703 (S.D. Tex. Dec. 4, 2025). Instead, a defendant need only "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff fair notice of the defense that

is being advanced." *Id.* (internal quotation marks omitted) (quoting *Alexander v. SCI Shared Res. LLC*, No. 4:25-CV-01325, 2025 WL 2398769, at *2 (S.D. Tex. Aug. 1, 2025), *adopted*, No. CV H-25-1325, 2025 WL 2480984 (S.D. Tex. Aug. 28, 2025)). "Merely pleading the name of some affirmative defenses may be sufficient to provide the plaintiff with fair notice." *MSHB Rest.*, 2025 WL 2461662, at *3 (quoting *Njoku*, 2024 WL 23175, at *2).

Courts have "'ample discretion' in deciding Rule 12(f) motions to strike." *Alexander*, 2025 WL 2398769, at *1 (quoting *In re Beef Indus. Antitrust Litig.*, 600 F.2d 1148, 1168 (5th Cir. 1979)).

## III.    PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED.

Plaintiff argues that Experian's affirmative defenses are boilerplate, legally insufficient, and factually unsupported. ECF No. 48 at 2–4. Experian contends that it has given Plaintiff sufficient notice of its defenses. ECF No. 56 at 3–4. Experian also points out that Plaintiff has not shown he will be prejudiced by Experian's affirmative defenses. *Id.* at 4. Experian is correct.

First, the Court finds that Experian provided Plaintiff fair notice of its affirmative defenses. The proof is in the pudding: Plaintiff responded substantively to Experian's statute-of-limitations, qualified-immunity, improper-injunctive-relief, arbitration, and constitutional defenses. ECF No. 48 at 2–4. For example, he argues that the statute of limitations does not bar his FCRA claims because he filed his

original complaint timely and the allegations in his amended complaint relate back under Rule 15(c). *Id.* at 2–3. Similarly, Plaintiff maintains that (1) qualified immunity "does not bar private FCRA claims where malice or willful intent is alleged"; (2) the improper-injunctive-relief defense "is misplaced because Plaintiff also seeks monetary and declaratory relief"; (3) "[a]rbitration is irrelevant absent a signed arbitration agreement, which Experian has not produced"; and (4) "[c]onstitutional limitations on punitive damages are premature until liability is established." *Id.* at 3–4. These arguments might be correct, or they might not be. But the fact that Plaintiff was able to identify and specifically respond to these affirmative defenses shows that Experian pled them sufficiently to provide fair notice. That is all Rule 12(f) requires.

As to the other five defenses, Plaintiff accuses them of being "formulaic, one-sentence statements with no factual support." ECF No. 48 at 3. Specifically, Experian asserts that (1) "Plaintiff has failed to mitigate damages"; (2) the "Complaint and each claim for relief therein are barred by laches"; (3) "Plaintiff is estopped and barred from recovery of any damages" because his conduct caused his own damages; (4) the "Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands"; and (5) that any alleged damages were caused, at least in part, "by the actions of Plaintiff himself and/or third parties." ECF No. 41 at 9–10. True enough, these affirmative defenses are pretty

boilerplate. Nonetheless, they satisfy Rule 12(f)'s lenient fair-notice standard. *See, e.g.*, *Njoku*, 2024 WL 23175, at *3 (finding affirmative defense asserting that plaintiff "failed to mitigate, or reasonably attempt to mitigate, her damages, if any," sufficient to provide fair notice); *Morgan v. Goodman Mfg. Co., L.P.*, No. 4:19-CV-00850, 2021 WL 1169390, at *10 (S.D. Tex. Mar. 10, 2021) (holding affirmative defense asserting that plaintiff "failed to mitigate his alleged damages" sufficient to provide fair notice), *adopted*, No. 4:19-CV-00850, 2021 WL 1166756 (S.D. Tex. Mar. 26, 2021); *Tran v. Thai*, No. H-08-3650, 2010 WL 723633, at *1–2 (S.D. Tex. Mar. 1, 2010) (finding affirmative defense alleging that "[t]he plaintiff has failed to mitigate damages, if any, as required by law" sufficient to provide fair notice).

Second, "a motion to strike affirmative defenses will generally not be granted absent a showing of prejudice to the moving party." *Youngers*, 2025 WL 3488668, at *4 (citing *Truport Logistics, LLC v. ATC W. Tex., LLC*, No. 24-cv-115, 2024 WL 4256460, at *2 (W.D. Tex. Sept. 5, 2024)). Here, Plaintiff fails to allege, much less show, that he will be prejudiced by leaving Experian's affirmative defenses in place. That alone dooms his motion.

## IV.    CONCLUSION

If Experian raises any of its affirmative defenses in a later motion or at trial, Plaintiff will have an opportunity to litigate their merits. Plaintiff has not, however, established a reason to strike them. Accordingly, the Court **RECOMMENDS**

Plaintiff's motion to strike, ECF No. 48, be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 14, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**