United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Tyrone Harden Jr., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-3655 |
| | § | |
| Equifax Information Services LLC, | § | |
| Experian Information Solutions, Inc., | § | |
| and CCM Finance LLC, | § | |
| | § | |
| *Defendants*. | § | |

**JUDGE PALERMO'S**
**ORDER AND REPORT AND RECOMMENDATION**

This is a vehicle-repossession case. Plaintiff Tyrone Harden Jr. moves for an entry of default against Defendant CCM Finance LLC ("CCM"). ECF No. 49. Plaintiff further moves for a default judgment against CCM. ECF No. 50.[1] For the reasons outlined below, the Court denies Plaintiff's motion for an entry of default and recommends that his motion for a default judgment be denied.

## I.    BACKGROUND

The allegations in Plaintiff's amended complaint are brief and a bit disjointed, but the basic premise seems straightforward. Plaintiff opened two accounts with

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636(b)(1). ECF No. 22. "A motion for default judgment is a dispositive motion appropriate for a Magistrate Judge recommendation." *Ocean Marine Servs., LLC v. DMW Marine, LLC*, No. 4:25-CV-3086, 2026 WL 587989, at *1 n.1 (S.D. Tex. Jan. 8, 2026), *adopted*, No. CV H-25-3086, 2026 WL 587767 (S.D. Tex. Mar. 2, 2026).

CCM Finance LLC ("CCM")—one ending in x2169 and another ending in x2019—to purchase two vehicles. ECF No. 29 ¶ 10. At some point, it seems Plaintiff stopped paying his loans, so CCM "repossessed Plaintiff's vehicle[s] from [his] gated apartment complex at night without notice," taking the first car back in February 2022 and the second one back in September 2024. *Id.* ¶ 11. After repossessing the cars, Plaintiff claims "CCM reported materially inconsistent balances, duplicate tradelines, and contradictory statuses to Equifax and Experian." *Id.* ¶ 12. In response, he "filed multiple disputes" with "the Consumer Financial Protection Bureau ["CFPB"] . . . , but Defendants failed to correct the inaccurate reporting." *Id.* ¶ 13.

Plaintiff sued CCM, Experian, and Equifax on August 6, 2025. ECF No. 1. He subsequently filed an amended complaint, asserting five claims against CCM under the Fair Credit Reporting Act and the Uniform Commercial Code. ECF No. 29 ¶¶ 25–34. On October 15, 2025, Plaintiff filed a declaration from his process server, explaining that the server "served the summons" and amended complaint on CCM through the "Texas Secretary of State, who is designated by law to accept service of process on behalf of CCM." ECF No. 34.

To date, CCM has not appeared or responded to Plaintiff's amended complaint. Thus, Plaintiff moves to default CCM and requests a default judgment. ECF Nos. 49, 50.

## II.    DEFAULT JUDGMENTS UNDER RULE 55

Federal Rule of Civil Procedure 55 governs default proceedings. "This involves sequential steps of default, entry of default, and default judgment." *United States v. $11,409.02 Seized from a Comerica Bank Account Ending in 2113*, No. 4:21-CV-01349, 2021 WL 5177065, at *2 (S.D. Tex. Nov. 8, 2021). "A *default* occurs 'when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.'" *Id.* (emphasis in original) (quoting *N.Y. Life Ins. Co. v Brown*, 84 F3d 137, 141 (5th Cir 1996)). The Clerk enters an entry of default "when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Id.* The Court can then enter a default judgment against a defendant upon motion "by a plaintiff pursuant to Rule 55(b)(2)." *Id.* Default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v Pelican Homestead & Sav. Ass'n*, 874 F2d 274, 276 (5th Cir 1989) (footnote omitted)).

## III.    PLAINTIFF FAILED TO PROPERLY SERVE CCM.

Before entering a default judgment, courts "must examine [their] jurisdiction both over the subject matter and the parties, liability, and damages." *Ocean Marine Servs., LLC v. DMW Marine, LLC*, No. 4:25-CV-3086, 2026 WL 587989, at *3 (S.D. Tex. Jan. 8, 2026) (quoting *PHH Mortg. Corp. v. Atkins*, No. 4:24-cv-3111, 2025 WL 1490542, at *2 (S.D. Tex. Apr. 3, 2025), *adopted*, No. 4:24-cv-03111,

2025 WL 1490501 (S.D. Tex. May 23, 2025)), *adopted*, No. CV H-25-3086, 2026 WL 587767 (S.D. Tex. Mar. 2, 2026). "[A] plaintiff must submit evidence that the defendant has been properly served with the summons, complaint, and the default judgment motion." *Id.* at *4 (quoting *PHH Mortg.*, 2025 WL 1490542, at *3). "Without proper service, a court does not have personal jurisdiction over the defendant, and, as a result, any default judgment is void." *Id.* (quoting *PHH Mortg.*, 2025 WL 1490542, at *3).

Rule 4 governs service of process. Under Rule 4(h), companies must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). "Under Rule 4(e)(1), a plaintiff may serve a defendant 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caldwell v. CSL Vifor Pharma*, No. 4:24-CV-00991, 2025 WL 2429017, at *2 (S.D. Tex. May 14, 2025) (quoting FED. R. CIV. P. 4(e)(1)).

Under Texas law, "a corporation may be served through its registered agent, president, or any vice president." *Id.* (citing TEX. BUS. ORG. CODE §§ 5.201(b), 5.225(1)). Companies doing business in Texas "must designate and continuously maintain in th[e] state (1) a registered agent; and (2) a registered office." *Id.* (quoting

*Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st Dist.] 2013, no pet.)). A company may be served through the Texas Secretary of State only if the company "fails to appoint or does not maintain a registered agent in [Texas]" or the plaintiff shows that he "cannot with reasonable diligence" find "the registered office of the entity." TEX. BUS. ORG. CODE § 5.251(1); *Wright v. A&O Enters., Inc.*, No. 3:25-CV-00080-S, 2025 WL 3635588, at *2 (N.D. Tex. Nov. 24, 2025), *adopted*, No. 3:25-CV-0080-S, 2025 WL 3634181 (N.D. Tex. Dec. 15, 2025). "Texas enforces strict compliance with its service of process rules." *Caldwell*, 2025 WL 2429017, at *2.

Here, Plaintiff asserts that CCM "was properly served with the Summons and Complaint through its designated agent for service of process, the Texas Secretary of State" on October 14, 2025, and cites the declaration executed by his process server (ECF No. 34) as proof. ECF No. 49 at 1. Plaintiff's process server states that he "served the summons" and amended complaint on CCM through the "Texas Secretary of State, who is designated by law to accept service of process on behalf of CCM." ECF No. 34.

There are two main problems with Plaintiff's attempted service. First, he has not alleged—much less established—that CCM failed to appoint or maintain a registered agent in Texas. Indeed, a quick entity search from the Texas Secretary of State and the Texas Comptroller's website reveals that CCM is registered in Texas

with a registered agent named "Orhan Ozis," located at 11834 E. Northwest Hwy, Dallas, TX 75218. *CCM Finance LLC*, COMPTROLLER.TEXAS.GOV, https://comptroller.texas.gov/taxes/franchise/account-status/search/32056455960 (last visited May 12, 2026). Since service through the Secretary of State is only proper *if* a company fails to maintain a registered agent, Plaintiff's attempt to serve CCM through the Secretary is improper because CCM does maintain a registered agent in Texas.

Second, even if the Court assumes that substitute service through the Secretary was proper, Plaintiff failed to file "the actual certificate from the Secretary . . . proving that service was completed." *Wright*, 2025 WL 3635588, at *3. Under Texas law, "a plaintiff may effectuate service by 'delivering duplicate copies of the process' to the Secretary of State and paying the required fee." *Id.* (quoting TEX. BUS. ORGS. CODE § 5.252(a)). "The Secretary then forwards the process to the [company] and issues a certificate of service." *Id.* (citing TEX. BUS. ORGS. CODE § 5.253). That certificate is called a *Whitney* certificate and "'conclusively establishes that process was served' and is 'essential to establish the jurisdiction of the court over the defendants' persons.'" *Id.* (quoting *Dan-Bunkering (Am.), Inc. v. Ichor Oil, LLC*, 561 F. Supp. 3d 710, 715 (N.D. Tex. 2021)). "Without a *Whitney* certificate in the record, a court lacks personal jurisdiction over a defendant and cannot enter a default judgment." *Id.*

Here, Plaintiff did not file a *Whitney* certificate from the Secretary of State for the amended complaint. Nor did the process server certify that the amended complaint and summons were forwarded to CCM. Thus, the record lacks proof of proper service, "and Texas law does not permit the Court to presume proper service." *Id.* (citing *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994)). The Court therefore lacks personal jurisdiction over CCM and cannot enter a default or grant a default judgment against CCM.

## IV.     PLAINTIFF HAS ONE MORE CHANCE TO SERVE CCM.

Finding Plaintiff's service inadequate, the Court turns to the issue of dismissal. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The Court may grant an extension "if the plaintiff shows good cause for the failure" to serve a defendant within 90 days. *Id.* District courts "enjoy[] a broad discretion in determining whether to dismiss an action for ineffective service of process." *Yaya v. Driscoll Child.'s Hosp.*, No. 2:24-CV-00205, 2025 WL 408452, at *2 (S.D. Tex. Jan. 8, 2025) (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)), *adopted*, No. 2:24-CV-00205, 2025 WL 407701 (S.D. Tex. Feb. 5, 2025).

The deadline to serve CCM with the amended complaint was October 28,

2025. Order, ECF No. 28 at 2 (ordering Plaintiff to file his amended complaint and serve "all named Defendants within thirty days of filing"); ECF No. 29 (amended complaint filed on September 28, 2025). Over six months later, Plaintiff still has not served CCM. The Court will grant Plaintiff a final 30-day extension to properly serve CCM. If Plaintiff fails to file proof of service by June 14, 2026, the Court will recommend dismissing CCM as a defendant.

## V.   CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's motion for entry of default. ECF No. 49.

The Court further **ORDERS** Plaintiff to file proof that he properly served CCM by June 11, 2026.

The Court further **RECOMMENDS** Plaintiff's motion for default judgment, ECF No. 50, be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 14, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**