United States District Court
Southern District of Texas
**ENTERED**
June 01, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TYRONE HARDEN, JR, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-03655 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| EQUIFAX INFORMATION | § | |
| SERVICES, LLC, *et al*, | § | |
| Defendants. | § | |

**ORDER ADOPTING
REPORTS AND RECOMMENDATIONS**

Plaintiff Tyrone Harden, Jr, proceeds here *pro se*. He sues Defendants Equifax Information Services LLC, Experian Information Solutions, Inc, and CCM Finance, LLC, under the Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Article 9 of the Uniform Commercial Code. See Dkt 29 at ¶¶14–34 (amended complaint). The matter was referred for disposition to Magistrate Judge Dena Hanovice Palermo. See Dkt 22.

Equifax brought a motion to dismiss for failure to state a claim. See Dkt 32. Plaintiff filed motions to strike Experian's affirmative defenses and for entry of default against CCM Finance. See Dkts 48 & 49.

Judge Palermo addressed these motions in three Reports and Recommendations. See Dkts 62, 64 & 65. The first recommended that the motion to dismiss be granted and that all claims against Equifax be dismissed with prejudice. See Dkt 62 at 12. The second recommended that the motion to strike Experian's affirmative defenses be denied. See Dkt 64 at 6–7. The third recommended that the motion for entry of default against CCM Finance be denied,

with Plaintiff further ordered to file proof that he properly served CCM Finance by June 11, 2026. See Dkt 65 at 8.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc*); see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. See Dkts 63, 66 & 69. On *de novo* review and determination, all such objections lack merit.

*As to the first R&R,* Plaintiff objects to the conclusion that he has failed to state plausible claims against Equifax and, alternatively, requests leave to amend his complaint. See Dkt 63 at 1–7.

The Magistrate Judge thoroughly and correctly determined that Plaintiff failed to state claims under 15 USC §1681e(b) because he failed to plausibly allege that (i) Equifax prepared a credit report for a third party, (ii) such report contained inaccurate information, (iii) such inaccuracy was due to failure to follow reasonable procedures, and (iv) he suffered a specific injury as a result. See Dkt 62 at 5–8. She also correctly concluded that Plaintiff's remaining claims against Equifax under 15 USC §§1681i, 1681n, and 1681o fail for these same reasons. See id at 9–12. Plaintiff's objections fail to point to allegations within the amended complaint sufficient to correct these deficiencies.

Plaintiff attempts to include additional allegations by way of his objections to supplement his complaint. But he has already had the opportunity to replead his case and still failed to state plausible claims for relief against Equifax for the reasons stated above.

His further request for leave to amend is thus properly DENIED as untimely and in contravention of prior order.

*As to the second R&R,* Plaintiff filed no relevant objections. No clear error otherwise appears on review of the R&R. It will thus be adopted and the motion to strike Experian's affirmative defenses will be denied.

*As to the third R&R,* Plaintiff's objections attempt to explain prior defects in service and convey intention to complete proper service of CCM Finance. See Dkts 66 & 69. Plaintiff has also filed an additional certificate of service through the Texas Secretary of State. See Dkt 68. But the R&R correctly noted that service through the Secretary of State is proper only if an entity fails to maintain a registered agent, which CCM Finance apparently does. See Dkt 65 at 6. Plaintiff having not yet properly served CCM Finance, the motion for entry of default will be denied.

\*   \*   \*

The objections by Plaintiff Tyrone Harden, Jr, to the Reports and Recommendations of the Magistrate Judge are OVERRULED. Dkts 63, 66 & 69.

No clear error otherwise appears upon review and consideration of the Reports and Recommendations, the record, and the applicable law.

The Reports and Recommendations of the Magistrate Judge are ADOPTED as the Memorandum and Order of this Court. Dkts 62, 64 & 65.

The motion by Defendant Equifax Information Services, LLC, to dismiss is GRANTED. Dkt 32.

The claims against Defendant Equifax Information Services, LLC, are DISMISSED WITH PREJUDICE.

The motion by Plaintiff Tyrone Harden, Jr, to strike the affirmative defenses of Defendant Experian Information Solutions, Inc, is DENIED. Dkt 48.

The motion by Plaintiff Tyrone Harden, Jr, for entry of default against Defendant CCM Finance, LLC, is DENIED. Dkt 49.

SO ORDERED.

Signed on ___June 01, 2026___, at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge